# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01957-LTB

XING LIN,

       Petitioner,

v.

MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security;
PAUL D. CLEMENT, Acting Attorney General;
ROBERT MATHER, District Director, United States Citizenship and Immigration Services;
DOUGLAS MAURER, District Director, United States Immigration and Customs Enforcement;
and any other person having said Petitioner in custody,

       Respondents.

___

## ORDER
___

This immigration case is before me on Petitioner, Xing Lin's, Motion for Stay of Removal **[Docket # 19]**, Respondents' Response **[Docket # 24]**, and Petitioner's Reply **[Docket # 26]**. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Petitioner's Motion for Stay of Removal **[Docket # 19]**.

On November 14, 2007, I dismissed Petitioner's petition for a writ of habeas corpus for lack of jurisdiction under the REAL ID Act **[Docket # 17]**. Petitioner subsequently appealed my decision to the Tenth Circuit **[Docket # 18]**.

Pursuant to my November 14, 2007, order, Respondents were restrained from removing Petitioner pending adjudication of his I-601 waiver by Citizenship and Immigration Services ("CIS"). On November 29, 2007, CIS denied Petitioner's I-601 waiver. Respondents argue I

should lift the stay because there is no basis upon which I retain jurisdiction. I disagree.

Generally when an appeal is perfected to the Tenth Circuit, I lose jurisdiction to take further action. Under FED. R. CIV. P. 62(c) and FED. R. APP. P. 8(a), however, I nonetheless retain jurisdiction to modify or maintain an injunction in order to preserve the status quo during pendency of an appeal. *Roberts v. Colo. State Bd. of Agric.*, 998 F.2d 824, 827 (10th Cir. 1993). Under FED. R. APP. P. 8(a), the courts of appeal will not even consider an application for injunction pending appeal until they have been satisfied such injunction could not have been resolved by the district court. Further, once—as here—an appeal is filed, I am without power to modify an existing injunction in a manner that alters the status quo. *See United States v. Power Eng'g Co.*, 10 F. Supp. 2d 1165, 1170–71 (D. Colo. 1998); *see also Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (holding "the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo and ought not to extend to the point that the district court can divest the court of appeals from jurisdiction while the issue is before us on appeal"). When my November 14, 2007, order was appealed to the Tenth Circuit, the status quo found Respondents enjoined from removing Petitioner until final adjudication of his petition.

As I noted in my November 14, 2007, order, adjudication of Petitioner's Form I-601 petition and habeas petition are intertwined. Successful adjudication of the Form I-601 petition would have allowed Petitioner to stay in the United even if the 1994 order was deemed valid on appeal. Even though the I-601 petition has now been denied, however, Petitioner is still only subject to removal if the Tenth Circuit holds the 1994 removal order is not considered "executed" by Petitioner's voluntary 1996 departure.

2

If Respondents are not restrained from removing Petitioner—and Petitioner is subsequently removed—he will be deemed to have abandoned his petition. See 8 U.S.C. § 1182; 8 C.F.R. § 245.2. Failure to enjoin Respondents from removing Petitioner while his appeal is pending would significantly alter the status quo such that the Tenth Circuit would constructively be divested of jurisdiction in this matter. This I decline to do. Accordingly, Petitioner's Motion for Stay of Removal **[Docket # 19]** is GRANTED.

Dated: December  14 , 2007.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge